UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE L. WIMBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV868 HEA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq,* and his application for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.* For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

**Facts and Background**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was 32 years old at the time of the hearing. She[2] completed a program at Sanford Brown and received a Certificate in Business Administration Management. The ALJ found Plaintiff had the severe impairments of: asymptomatic HIV infection and history of bilateral shoulder dislocations. At the April 28, 2008 hearing, Plaintiff testified that she lives with her significant other. Plaintiff testified that her shoulder causes her severe pain daily and that her left shoulder comes out of the socket and dislocates twice daily, sometimes three times. She sleeps a lot and has been losing weight, however, she was working to get the weight back. She occasionally prepares simple meals and sometimes mops the floor. She will put clothes in the washer. Plaintiff reads for several hours per day. Plaintiff sleeps for about two hours, wakes up and stays awake for three hours before going back to sleep. She is "up and down" between 10:00 pm and 6:00 am. Plaintiff testified that when her arm is not out of its socket, it does not hurt, but it is a numb sensation. Plaintiff tries to visit her mother once per week.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on March 5, 2009. Plaintiff appeared and testified before

---

[2] Plaintiff is a transgendered male to female. The medical records herein generally refer to Plaintiff as a female, as does the ALJ. Likewise, the Court will also refer to Plaintiff as a female.

an ALJ on August 3,2009. On August 21, 2009, the ALJ issued an unfavorable decision. On March 16, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011)

(discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by

comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since November 1, 2007, the alleged onset date.  At Step Two, the ALJ found that

Plaintiff had the following severe impairments: asymptomatic HIV infection and history of bilateral shoulder dislocations. Also at Step Two, the ALJ determined that Plaintiff's medically determinable mental impairment of depression did not cause more than minimal limitation on her ability to perform basic mental work activities, and therefore was non-severe. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). At Step Four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a gas station cashier. The ALJ, therefore was not required to proceed to Step Five. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a

reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) THE DECISION OF THE ALJ IS NOT SUPPORTED BY

SUBSTANTIAL EVIDENCE BECAUSE THE ALJ FAILED TO CONSIDER ALL OF PLAINTIFF'S MEDICALLY DETERMINABLE IMPAIRMENTS; (2) THE DECISION OF THE ALJ IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE BECAUSE THE ALJ FAILED TO PROPERLY CONSIDER RESIDUAL FUNCTIONAL CAPACITY (RFC); (3) THE DECISION OF THE ALJ IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE BECAUSE THE ALJ FAILED TO FULLY AND FAIRLY DEVELOP THE RECORD; (4) THE DECISION OF THE ALJ IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE BECAUSE THE ALJ FAILED TO OBTAIN EVIDENCE FROM A VOCATIONAL EXPERT (VE) TO CLARIFY THE EFFECT OF THE ASSESSED LIMITATIONS ON PLAINTIFF'S OCCUPATIONAL BASE; (5) THE ALJ FAILED TO PROPERLY CONSIDER PLAINTIFF'S ABILITY TO PERFORM PAST RELEVANT WORK PURSUANT TO 20 CFR §404.1560(b)(2).

**Medical Determinable Impairments**

Plaintiff argues that the ALJ failed to consider a deformed and irregularly shaped acromial processes as evidence of a sever impairment. The Court agrees with Defendant that this specific diagnosis does not warrant the designation of a separate, severe impairment, considering that the ALJ fully considers the

symptoms of a shoulder impairment as part of a more broadly defined disorder. Plaintiff's characterization of the deformed and irregularly shaped acromial processes is completely encompassed in the ALJ's finding of a history of bilateral shoulder dislocations and is not a separate and distinct server impairment.

Plaintiff also argues that the ALJ failed to consider Plaintiff's depression in making his determination. Plaintiff testified that her doctor told her she was depressed and that her loss of appetite was related to the depression. However, Plaintiff also testified that she was content and was not under psychiatric treatment. Further, she testified that she was maintaining her weight. Further, the record demonstrate that Plaintiff told a medical provider in 2009 that she was in a good mood as of late. She believed medication and/or counseling would not be beneficial. There was no testimony that Plaintiff's depression ever affected her ability to work. In her function report, Plaintiff stated that she had an active social life, could follow written and oral directions, was good at getting along with authority figures, and that she could handle stress and changes in routine very well. There were no signs, symptoms or laboratory findings to establish a severe mental impairment.

Plaintiff also argues that the ALJ should have considered whether Plaintiff suffers from Gender Identity Disorder. As Defendant correctly argues, there is no

evidence that Plaintiff has ever been diagnosed with GID, and she did not claim GID as an impairment in her application for benefits or during the hearing. Plaintiff's argument at this point is speculative and dissuasive. *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)). See also 20 C.F.R. §§ 404.1512(a) and 416.912(a) ("We will consider impairment(s) you say you have or about which we receive evidence").

**Residual Functional Capacity**

Plaintiff urges that the ALJ failed to properly consider Plaintiff's Residual Functional Capacity in finding that she is capable of performing the full range of medium work.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding her symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence;

the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

Plaintiff argues that the ALJ was not specify enough in his determination. However, the ALJ concluded that Plaintiff had no limitations in terms of performing medium work, and therefore articulated none. Based on Plaintiff's

testimony, the medical record, wherein no medical professional placed any limitations on Plaintiff's activities, and Plaintiff's previous work, the ALJ's conclusion that Plaintiff is able to perform the full range of medium work is supported by the record as a whole.  Moreover, the ALJ did indeed consider Plaintiff's mental impairment even absent the finding of severe.  The ALJ observed that Plaintiff did not seek treatment for alleged mental impairments and heard Plaintiff's testimony that she did not see medications and/or counseling as beneficial.

**Development of the Record**

Plaintiff contends that because the ALJ found that no doctor who has treated or examined Plaintiff had rendered a medical opinion that Plaintiff is unable to work, the ALJ was required to direct a precise inquiry to Plaintiff's treating physician to obtain information on Plaintiff's work related limitations of functions.

Plaintiff has the initial responsibility for providing medical evidence to establish she is disabled.  20 CFR §§ 404.1512 and 414.912.  In the matter before the Court, Plaintiff's medical records showed that Plaintiff sought medical treatment for her impairments, but also, establish a lack of treatment for her alleged depression.  Likewise, the record clearly demonstrates that at no time does Plaintiff's treating providers require any limitations.  Because Plaintiff could not

initially establish her disability, it was not incumbent upon the ALJ to search out avenues through which disability could be supported.

**Vocational Expert**

The ALJ considered Plaintiff's impairments and the physical activities of Plaintiff's past relevant work as a gas station attendant. Based on Plaintiff's own testimony that she stayed behind the counter and lifted nothing heavier than snack foods and soft drinks, the physical demands of the job were well within the range of full medium work. Importantly, Plaintiff testified that she left the job, not because she was unable to perform the essential activities of the job, but rather because of a "legal reason." The evidence in the record clearly supports the ALJ's conclusion that Plaintiff could perform her past relevant work. The ALJ was therefore, not required to obtain the testimony of a vocational expert. *Lewis v. Barnhart*, 353 F.3d 566, 568-69 (8th Cir. 1999).

The ALJ properly analyzed Plaintiff's claims of disabling limitations. Although Plaintiff testified at the hearing that she rarely left her house and could only perform light household chores, in her function report, Plaintiff stated that she cleaned house, looked for ways to get a little money, ran errands, cooked and cleaned other people's houses for money. She also stated she went to church, stores, gas stations and events on a regular basis. She stated she could lift 20 to 30

pounds.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006). The ALJ noted the contradiction between Plaintiff's function report and her testimony at the hearing, concluding that Plaintiff's credibility was weakened thereby.

**Past Relevant Work**

As discussed above, the ALJ did consider the demands of Plaintiff's past relevant work, and her ability to perform that work. The determination that Plaintiff could perform the full range of medium work with no limitations is

directly related to the past work as a gas station attendant and Plaintiff's ability to perform that work. Plaintiff herself testified that she was able to do the job and did not leave that employment because of an inability to perform the work involved.

## **Conclusion**

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 10th day of September, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**